ANNA PIRMANN, ADMINISTRATRIX, *vs.* HENRY J. GERHOLD ET AL.

*Surviving husband can not resist sale of real estate subject to his curtesy.*

A surviving husband can not resist the sale of real estate of his deceased wife to pay debts, subject to his curtesy, on the ground that certain claims against the estate are invalid. His interest is not affected by their allowance or rejection.

*Decided, December 15, 1887.*

The plaintiff, as administratrix *de bonis non* with the will annexed of Mary M. Gerhold, deceased, filed her petition in this court alleging that there are debts

of said estate; that there is no personal property to pay the same, and that it is therefore necessary to sell the real estate, of which Mary M. Gerhold died seized, to satisfy such debts.

To this petition, among other defendants, Henry J. Gerhold, the surviving husband of Mary M. Gerhold, was made a defendant. The petition further alleges that Henry J. Gerhold is entitled to curtesy, and prays that said real estate may be sold subject to such curtesy. Henry J. Gerhold files an answer setting up eight defenses, and prays that the petition be dismissed.

*John B. Boutet,* for plaintiff.
*H. J. Harrop, contra.*

GOEBEL, J.

It is immaterial, by reason of the conclusion to which the court has come, to consider all of the reasons set forth in the answer, except the one, Is the plaintiff entitled to the order prayed for? Section 6141 Rev. Stat. provides that the petition of an administrator for the sale of real estate shall set forth the amount of debts due from the deceased, the amount of charges of administration, the value of the personal estate and effects, and a description of the real estate and the value thereof, if appraised.

It was never contemplated by section 6141 that the Probate Court should determine what are debts. The

statute says that the debts shall be set forth in the petition; it means such debts as have been ascertained as being debts, either by the administrator or by adjudication.   It may be said that this would give an extraordinary power in an administrator to accept claims, and thereby undue advantage might be taken against the heir or other person who might be affected by such allowance.

But the legislature has afforded ample protection by section 6098 Rev. Stat., which provides in substance that any creditor of a deceased person, or any person who has purchased or claims to hold, by purchase or otherwise, from such heir, any land or other property inherited from such decedent, may file in the Probate Court in the county in which administration is taken on any estate, a written requisition on the administrator or executor to disallow and reject any claim presented for allowance, and that, too, when such claim has been allowed, but which has not been paid in full.

And it further provides that upon such rejection, the party holding such claim shall institute a proceeding to have his claim determined.   And this section further provides, that if a proceeding shall have been determined to sell the lands of the decedent to pay such claim, such proceeding shall be stopped, and no further order or decree shall be taken therein until after the validity of such claim shall have been determined.

It must be apparent that this court has no jurisdiction to determine as between Gerhold and these creditors, or between the administratrix and these creditors, or between the heirs and these creditors, whether such claims are valid and subsisting claims against the estate.

The allegations of the petition, therefore, must be considered as true. The remedy of such heir or person interested is by filing his requisition to disallow the claims; and when that is done the proceedings must stop until such claims have been adjudicated by the proper tribunal.

But were we mistaken as to this proposition, namely, that this court has a right to determine the validity of these claims, we should hold that the right to contest such claims does not devolve upon a party who would in no instance be affected by such determination. Gerhold is not an heir, creditor, or a person who has purchased from an heir the real estate sought to be sold, as provided by sec. 6098, Rev. Stat.

In this case Henry J. Gerhold is the surviving husband entitled to curtesy. It is not sought to sell the property free of his curtesy, or deprive him of any of his rights as such surviving husband. On the contrary, the plaintiff prays that the property may be sold subject to his curtesy. He is not here consenting to such sale.

There is no power in this court to sell the property

free of his curtesy, against his will, and hence when the court orders the property sold subject to his curtesy, he loses nothing by reason thereof.

For the reasons given the administrator is entitled to an order of sale.